# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**BRIAN K. COSS,**

     **Plaintiff,**

**v.**                                **Case No.  8:03-cv-129-T-30EAJ**

**SUNBELT RENTALS, INC.,**

     **Defendant.**

_____

## <u>ORDER</u>

THIS CAUSE comes before the Court upon Plaintiff's Motion for Attorney's Fees (Dkt. 134), Plaintiff's Motion for Attorney and Paralegal Fees Attributed to Ronald I. Croft, Esquire and, Ronald I. Croft, P.A. (Dkt. 138), and Defendant's Response to the same (Dkt. 153), Plaintiff's Bill of Costs (Dkt. 132), Plaintiff's Bill of Costs Attributed to Ronald I. Croft (Dkt. 137-2), and Defendant's Consolidated Response thereto (Dkt. 155-1,3) and hearing on the same. Upon review and consideration, this Court finds that Plaintiff's Motions for Attorneys' Fees (Dkts. 134, 138) should be **GRANTED**, but that the amount of attorneys' fees, specifically, the hourly rate of Plaintiff's attorney, Nicholas E. Karatinos should be reduced from $275.00 per hour to $250.00 per hour. The hourly rates of Theodore E. Karatinos and Ronald I. Croft will also be $250.00 per hour. Additionally, this Court finds that Plaintiff's Bill of Costs (Dkt. 132), and Plaintiff's Bill of Costs Attributed to Ronald I. Croft (Dkt. 137-2) should be **GRANTED in part and DENIED in part**.

## DISCUSSION

**A.    *Attorneys' Fees.***

In reviewing the total hours expended by Nicholas Karatinos in this case, this Court finds 300 hours to be reasonable.  Although this case took several days to try, the issues involved in this litigation were not complex and thus do not justify the 448.5 hours claimed by Mr. Karatinos.[1]  Additionally, a number of attorney and paralegal hours were secretarial or administrative in nature, duplicative or otherwise not compensable.  As such, the total number of hours should be reduced as follows:

| | |
|---|---|
| Nicholas E. Karatinos | 300 hours |
| Theodore E. Karatinos | 1.2 hours |
| Ronald I. Croft | 31.2 hours |
| Paralegal hours | 41.8 hours |

**B.    *Bill of Costs filed by Nicholas Karatinos.***

Pursuant to Section 1920, a prevailing party may recover "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; [f]ees and disbursements for printing and witnesses; [and] [f]ees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. §1920 (2) - (4) (2005).

---

[1] For example, a May 26, 2004 entry of Nicholas Karatinos states Mr. Karatinos spent 2.1 hours drafting discovery, specifically .7 hours drafting Plaintiff's Interrogatories and 1.4 hours drafting Plaintiff's second set of document requests. Also, an entry on September 25, 2004 indicates Mr. Karatinos spent .7 hours researching, "the importance of timing in relation to the protected activity and the adverse action." While conducting research and drafting discovery requests are activities in which all lawyers engage, this Court questions the length of time taken to conduct such activities, particularly in light of Mr. Karatinos' years of legal experience.

However, certain expenses for which Plaintiff seeks reimbursement (Dkt. 132-2) are not recoverable under Section 1920, specifically those costs associated with facsimiles ($70.00), postage ($19.03), attorney travel and lodging ($905.17), attorney meals ($175.00) and parking ($43.00).  See *Sceleta v. Delicatessen Support Services, Inc.,* 203 F.Supp.2d 1328, 1339 (M.D. Fla. 2002).   Accordingly, these expenses are not taxable.

With respect to the remaining expenses for which Plaintiff is seeking reimbursement, this Court finds that Plaintiff is entitled to all other costs contained in his Bill of Costs (Dkt. 132), less  the expenses associated with those witnesses whose testimony was not used at trial ($823.10[2]),  and those photocopying charges which this Court has determined were either not necessarily obtained for use in this case or were ordinary office expenses ($140.60).  The Bill of Costs (Dkt. 132), therefore, is reduced from $6,122.23 to $3,946.33.

## C.      *Bill of Costs Attributed to Ronald I. Croft.*

With respect to Plaintiff's Bill of Costs Attributed to Ronald I. Croft  (Dkt. 137-2), this Court finds that Plaintiff is only entitled to recover those costs associated with the copying of Plaintiff's trial exhibits ($4.00) and Plaintiff's exhibit list ($1.00).  While 28 U.S.C. Section 1920(2) permits a prevailing party to recover, "[f]ees for exemplification and copies of papers necessarily obtained for use in the case,"  28 U.S.C. § 1920(2) (2005),  the burden is on the party seeking taxation of costs to establish that the copies were necessarily obtained for use in the case.  See *Scelta,* 203 F.Supp.2d at 1340.  This Court finds that Plaintiff has failed to meet

---

[2] This Court, pursuant to 29 U.S.C. Section 1821(b), is also reducing the witness fees of Dwight Williams, Bob Kaczenski and Chad Monaghan to $40.00.  See 28 U.S.C. § 1821(b) (2005). This amount includes these reductions.

his burden of proof regarding the copies of the proposed jury instructions. Any copies made of said instructions were made and used by counsel as a matter of convenience and not generated pursuant to any directive of the Court.

Additionally, the 11th Circuit has held that "physical exhibits like . . .charts simply may not be taxed as costs because there is no statutory authorization." *Arcadian Fertilization, L.P. v. MPW Indus. Services, Inc.*, 249 F.3d 1293, 1297 (11th Cir. 2001). As such, those costs associated with the copying of "time charts" are similarly not taxable. Accordingly, Plaintiff's Bill of Costs as to Ronald I. Croft (Dkt. 137-2) is reduced from $254.95 to $5.00.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for an Award of Attorney's Fees (Dkt. 134-1), and Motion for Attorney and Paralegal Fees Attributed to Ronald I. Croft, Esquire and, Ronald I. Croft, P.A. (Dkt. 138) are **GRANTED**.

2. Plaintiff is awarded $75,000.00 in attorney's fees as to Nicholas E. Karatinos, $300.00 in attorney's fees as to Theodore E. Karatinos and $7,750.00 in attorney's fees as to Ronald I. Croft.

3. Plaintiff's Bill of Costs (Dkt. 132) and Bill of Costs Attributed to Ronald I. Croft (Dkt 137-2) are **GRANTED in part and DENIED in part** as stated herein.

4. Plaintiff is entitled to recover those costs set forth in the respective Bills of Cost less deductions detailed in this Order.

5. The Clerk is directed to enter a Bill of Costs against Defendant and in favor of Plaintiff in the amount of $3,946.33 as to Nicholas Karatinos, Esquire and a Bill

of Costs against Defendant and in favor of Plaintiff in the amount of $5.00 as to

Ronald I. Croft, Esquire.

**DONE** and **ORDERED** in Tampa, Florida on August 30, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2003\03-cv-129  Atty Fees.wpd